IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

SANDRA D. STARGEL, SELETHIA PRUITT, and all others similarly situated,

    Plaintiffs,

vs.

SUNTRUST BANKS, INC., et al..

    Defendants.

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Case No. 1:12-cv-03822-ODE

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................1

II.    PLAINTIFFS' CLAIMS AND FACTUAL BACKGROUND .......................2

    A.    The Nature of this Lawsuit and its Claims.............................................2

    B.    Stargel's Settlement of Her State Court Action.....................................5

III.   ARGUMENT........................................................................................................6

    A.    A Participant's Release of Individual Claims Does not Release Claims brought on behalf of the Plan, such as the Claims Brought in this Case .................................................................................................6

    B.    The Release Language Expressly Excludes From its Scope Claims for the Type of Relief Sought Here ....................................................... 8

IV.   CONCLUSION....................................................................................................9

## I.  INTRODUCTION

Defendants seek partial summary judgment against one of the named Plaintiffs, Sandra Stargel, contending that she has released the claims asserted in the complaint in the course of settling in 2010 claims for individual relief in an unrelated lawsuit she brought alleging, *inter alia*, defamation.[1]

Defendants' argument is without merit for two reasons.  First, as the vast majority of courts have held, while ERISA plan participants can release individual claims for their individual relief, they cannot release claims such as those brought in the instant suit.  That is because the claims brought in this suit are not Stargel's claims, but are claims of the SunTrust Banks Inc. 401(k) Plan ("401(k) Plan") brought by Stargel, pursuant to ERISA, on behalf of the 401(k) Plan for relief to the 401(k) Plan as a whole.  Hence, Stargel's release of individual claims has no effect on her ability to bring a suit asserting the 401(k) Plan's claims for relief to the Plan as a whole.

Second, Defendants simply ignore key language in the release that excludes from its scope any claims for 401(k) Plan benefits.  Since the Eleventh Circuit has

---

[1] Though Plaintiffs filed an amended complaint subsequent to Defendants' Motion for Partial Summary Judgment, the latter motion is not based upon the allegations on the face of the complaint, and the changes in the Amended Complaint are not relevant to Defendants' motion.  Hence, unlike Defendants' motion to dismiss, Plaintiffs assume Defendants' summary judgment motion was not rendered moot by the Amended Complaint.

made clear that the types of claims asserted in the complaint are claims for benefits, the language of the release itself makes clear that Stargel has not released those claims.

## II. PLAINTIFFS' CLAIMS AND FACTUAL BACKGROUND

### A. The Nature of this Lawsuit and its Claims

This is an ERISA civil enforcement action pursuant to 29 U.S.C. §1132(a) to remedy Defendants' fiduciary breaches and prohibited transactions stemming from their corporate self-dealing in deciding what investment options to offer and retain in the 401(k) Plan. Plaintiffs bring this action on behalf of the 401(k) Plan for relief to the Plan and as a class action for similarly situated participants. (Amended Complaint ("AC"), Dkt. No. 16, ¶1). Defendants are all SunTrust entities or SunTrust directors or officers. (AC ¶¶18-27). Their decisions favored SunTrust's interests at the expense of the Plan and its participants' retirement savings. Internal SunTrust documents confirm that Defendants were aware that better performing lower cost options were available for participants' retirement investments, but they nevertheless chose and failed to remove SunTrust proprietary funds because of the financial windfall having these funds in the Plan provided to SunTrust. (AC ¶71(a)). Defendants were aware that such conduct violated their fiduciary duties. *Id.*

Plaintiffs are former SunTrust employees and 401(k) Plan participants who

worked at bank branches — Stargel as a teller manager and Pruitt as a clerical worker and bookkeeper. (AC ¶¶13, 15). The 401(k) Plan is a defined contribution plan. (AC ¶29).

Defendant SunTrust Banks, Inc. ("SunTrust") is the 401(k) Plan sponsor and a named fiduciary of the 401(k) Plan. (AC ¶18, 33). Defendant SunTrust Benefits Plan Committee ("Plan Committee") and its individual members are Plan fiduciaries named as such in the Plan document, and also the Plan administrator. (AC ¶¶22, 35). Defendant SunTrust Benefits Finance Committee ("Benefits Finance Committee") was created effective July 1, 2011. (AC ¶23). Prior to that date, the Plan Committee had exclusive authority to make decisions with respect to adding, monitoring, or removing 401(k) Plan investment options; subsequent to that date, the Benefits Finance Committee had exclusive authority for those decisions. (AC ¶36). (Collectively, these two committees and their individual members, for the times they had the authority for these decisions, are referred to as the "Committee Defendants.") Defendants Correll, Lanier, and Prince were all members of the SunTrust Board of Directors and each served during a portion of the relevant period as Chair of the Board's Compensation Committee. (AC ¶¶13-15). The Chair of the Compensation Committee was a named fiduciary under the Plan and was responsible for appointing and monitoring members of the Plan Committee until 2008. (AC ¶34, 37). Effective on or about 2008, SunTrust's CFO assumed respon-

3

sibility for appointing and monitoring members of the Plan Committee, and, once it was created, the Benefits Finance Committee. (AC ¶37). The Affiliated Funds are SunTrust proprietary mutual funds offered in the Plan. (AC ¶5). The investment advisor for all of the Affiliated Funds, which received fees generated from investments in those funds, is RidgeWorth Capital Management, Inc. (AC ¶27). RidgeWorth was a 401(k) Plan fiduciary and that its representatives attended Plan Committee meetings and provided advice that was a principal basis for the Committee Defendants' investment decisions with respect to the 401(k) Plan. (AC ¶27). At least one of the Committee Defendants was a former RidgeWorth employee. (AC ¶22(k)).

The Class is all 401(k) Plan participants (and their beneficiaries), excluding the Defendants, who had a balance through their Plan accounts in any of the Affiliated Funds at any time from April 10, 2004 to December 31, 2012 ("Class Period"). (AC ¶¶6, 89). The claims in the AC are:

COUNT I:  Breach of Duties of Loyalty and Prudence by Failing to Remove or Replace the Affiliated Funds as 401(k) Plan Investment Vehicles during the Class Period, which Caused Losses to the 401(k) Plan (Violation of ERISA, 29 U.S.C. §1104 by Committee Defendants)

COUNT II:  Breach of Duties of Loyalty and Prudence by Selecting the STI Classic International Equity Index Fund as an Investment Fund for the 401(k) Plan (Violation of ERISA, 29 U.S.C. §1104 by Committee Defendants)

COUNT III:  Defendants Lanier, Prince, Correll, Chancy, and the Gillani Breached Their ERISA Fiduciary Duties by Failing to Remove and Prudently Monitor

Committee Defendants

COUNT IV:  Defendant SunTrust Breached its ERISA Fiduciary Duties by Failing to Remove and Prudently Monitor Defendants Lanier, Prince, Correll, Chancy, and Gillani

COUNT V:  Liability for Breach of Co-Fiduciary (Liability of Defendant SunTrust Pursuant to ERISA, 29 U.S.C. §1105 as Co-fiduciary for Participating in, Concealing, and Failing to Remedy Committee Defendants' Breaches of Fiduciary Duty)

COUNT VI:  Engaging in Prohibited Transactions by Causing the 401(k) Plan to Invest in SunTrust-Affiliated Investment Products (Violation of ERISA, 29 U.S.C. §1106 by Committee Defendants)

In addition, Plaintiffs allege Defendant RidgeWorth breached its fiduciary duties of prudence and loyalty by failing to give impartial investment advice to Committee Defendants regarding the retention and selection of the Affiliated Funds.  (AC ¶70).

**B.     Stargel's Settlement of Her State Court Action**

As the document itself makes clear, the "Confidential Settlement Agreement and Release" concerns the settlement of a state court action Plaintiff Stargel initiated in 2007 against SunTrust Bank, a subsidiary of SunTrust Banks, Inc., and others alleging, *inter alia*, defamation and false imprisonment.  (Dkt. No. 12-2, Ex. 1 ("Release") at page 1 of 7).  The Agreement was executed June 24, 2010.  (Dkt. No. 12-4 (Defs' Statement of Undisputed Material Facts ("DSUMF")) ¶7).  SunTrust agreed to pay Stargel $20,000 to settle the suit.  (Release ¶1.1).

As Defendants concede, Stargel withdrew the entire balance of her 401(k)

5

Plan account in 2007, so at the time she executed the agreement she had no funds in her account and her account had been closed.  (DSUMF ¶¶3-4).

### III.    ARGUMENT

### A. A Participant's Release of Individual Claims Does not Release Claims brought on behalf of the Plan, such as the Claims Brought in this Case

Plaintiffs have expressly brought this suit, pursuant to ERISA 29 U.S.C. §1132(a)(2), "on behalf of the [SunTrust Banks, Inc.] 401(k) Plan." (AC ¶1).  This section of ERISA "authorizes...plan participants...to bring actions on behalf of the plan to recover for violations of the [fiduciary] obligations defined in [ERISA 29 U.S.C. §1109]." LaRue v. DeWolff, Boberg & Assoc's, 552 U.S. 248, 253 (2008). Hence, claims of this type are for losses to the plan, and §1132(a)(2) "does not provide a remedy for individual injuries distinct from plan injuries." *Id.* at 256; New Orleans Empl. Int'l Longsh. Pens. Fund v. Mercer Inv. Consult's, 635 F. Supp. 2d 1351, 1372 (N.D. Ga. 2009) (Evans, J.) (under §1132(a)(2) participants "can bring suit only on behalf of the plan, not in their individual capacities. Any recovery obtained through the lawsuit goes to the plan and the individual plaintiffs are not entitled to monetary damages" (citations omitted)).

Because such claims are brought on behalf of the plan for losses to the plan, rather than for an individual injury, "[t]he vast majority of courts have concluded that an individual release has no effect on an individual's ability to bring a claim on

6

behalf of an ERISA plan under [29 U.S.C. §1132(a)(2)]." In re Schering-Plough Corp. ERISA Litig., 589 F.3d 585, 594 (3d Cir. 2009).  Courts have held that an individual release cannot release plan claims either as a matter of law or only if the plan expressly consents.  *Id.*; Bowles v. Reade, 198 F.3d 752, 759–62 (9th Cir.1999) (ERISA claims brought for plan relief not barred by release of individual claims absent consent of plan); Carr v. Int'l Game Tech., 770 F.Supp.2d 1080, 1098 (D. Nev. 2011) (same); In re Aquila ERISA Litig., 237 F.R.D. 202, 210 (W.D.Mo.2006) ("[T]he instant claims in this action are brought on behalf of the Plan pursuant to ERISA [29 U.S.C. §1132(a)(2)], not by ERISA plan participants seeking individual benefits. As a matter of law, a plan participant cannot release the Plan's claims."); In re Williams Cos. ERISA Litig., 231 F.R.D. 416, 423 (N.D.Okla. 2005) ("[T]he Court notes that the claims here are brought on behalf of the Plan, and a participant cannot release the Plan's claims, as a matter of law.") (citation omitted); In re Polaroid ERISA Litig., 240 F.R.D. 65, 75 (S.D.N.Y. 2006) ("[N]umerous courts have held that under ERISA, individuals do not have the authority to release a ... plan's right to recover for breaches of fiduciary duty"); In re JDS Uniphase Corp. ERISA Litig., No. 03–4743, 2006 WL 2597995 at *1 (N.D.Cal. Sept.11, 2006) ("The release...do[es] not bar ERISA fiduciary duty claims brought by plan beneficiaries on behalf of the plan").

There can be no reasonable dispute that the release in this case is an individ-

ual release. It expressly releases only "Claims that Stargel...has." (Release ¶2.1). Hence, under settled law and contrary to Defendants' position, the Release does not bar the 401(k) Plan claims asserted in this case.

**B.    The Release Language Expressly Excludes From its Scope Claims for the Type of Relief Sought Here**

In Lanfear v. Home Depot, 536 F.3d 1217 (11th Cir. 2008), the Eleventh Circuit considered whether ERISA plaintiffs who had cashed out of a 401(k) Plan nevertheless retained their participant status under the test announced in Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117 (1989). The relevant prong of the Firestone test was whether the plaintiffs had "a colorable claim to vested benefits." Lanfear, 536 F.3d at 1222 (*quoting* Firestone, 489 U.S. at 117). The Eleventh Circuit found this prong satisfied, explaining that claims that ERISA fiduciary breaches decrease the value of a defined contribution account are claims for vested benefits:

> A complaint for the decrease in value of a defined contribution account due to a breach of fiduciary duty is not for damages because it is limited to the difference between the benefits actually received and the benefits that would have been received if the plan management had fulfilled its statutory obligations. Because their complaint is for benefits, not damages, the former employees qualify as participants.

536 F.3d at 1223.

Plaintiffs here similarly assert claims that a breach of fiduciary duty decreased the amount of vested benefits in the 401(k) accounts of themselves and

8

other 401(k) Plan participants.  Under Lanfear, it is thus clear that claims in the Amended Complaint are claims for vested benefits.

The Settlement Agreement was entered into June 24, 2010, (DSUMF ¶7), approximately two years after the Eleventh Circuit's Lanfear decision.  The Agreement contains the following language in its enumeration of the claims within the scope of the release:  "Claims under any SunTrust employee benefit plan, other than Claims related to Stargel's entitlement to receive any vested benefits earned under any such plan." (Release ¶2.1.3 (emphasis added)).  Defendants' brief carefully avoids quoting or discussing the underlined language, and with good reason.  Even ignoring the fact that the claims asserted in the complaint are plan claims, the underlined language clearly excludes the claims in the complaint from the scope of the release.  As was just discussed, those claims are claims for vested benefits.  And if that language is not enough, the agreement also provides that:  "Nothing in this Agreement shall be construed as a waiver of Stargel's right to any vested employee benefit...." (*Id.* ¶2.7 (emphasis added)).  Disregarding this language, Defendants argue precisely what this language proscribes, i.e. that by signing the Agreement Stargel waived her rights to the vested benefits she seeks (on behalf of the 401(k) Plan) in the complaint.

## IV.   CONCLUSION

For the reasons discussed above, Defendants' Motion for Partial Summary

9

Judgment should be denied.

March 12, 2013

Respectfully Submitted,

By /s/ James A. Moore

J. Brian McTigue (*Admitted Pro Hac Vice*)
James A. Moore (*Admitted Pro Hac Vice*)
**MCTIGUE LAW LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC  20016
Tel:  (202) 364-6900
Fax: (202) 364-9960
bmctigue@mctiguelaw.com
jmoore@mctiguelaw.com

*Counsel for Plaintiffs Sandra Stargel and Selethia Pruitt*

Alan R. Perry, Jr. (GA Bar #572508)
**PAGE PERRY, LLC**
1040 Crown Pointe Parkway
Suite 1050
Atlanta, Georgia 30338
(P) 770-673-0047
(F) 770-673-0120
aperry@pageperry.com

*Local Counsel for Plaintiffs Sandra Stargel and Selethia Pruitt*

10

## **LOCAL RULE 7.1(D) CERTIFICATION**

This brief has been prepared in Times New Roman 14 point type, as authorized by LR 5.1(C).

By /s/_James A. Moore_____

James A. Moore (*Admitted Pro Hac Vice*)
**MCTIGUE LAW LLP**
4530 Wisconsin Avenue, NW
Suite 300
Washington, DC  20016
Tel:  (202) 364-6900
Fax: (202) 364-9960
jmoore@mctiguelaw.com

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy to the following attorneys of record:

| | |
|---|---|
| **Darren A. Shuler** | **Michael Benjamin Wakefield** |
| King & Spalding, LLP-ATL | King & Spalding, LLP-ATL |
| 1180 Peachtree Street, NE | 1180 Peachtree Street, NE |
| Atlanta, GA 30309-3521 | Atlanta, GA 30309-3521 |
| 404-572-2790 | 404-572-2825 |
| Email: dshuler@kslaw.com | Email: mwakefield@kslaw.com |

**David Tetrick , Jr.**
King & Spalding LLP
1180 Peachtree Street
Atlanta, GA 30309-3521
404-572-4600
Email: dtetrick@kslaw.com

/s/ James A. Moore
McTigue Law LLP