FILED IN CHAMBERS
U.S.D.C. - Atlanta

MAY 17 2013

James N. Hatten, Clerk
By: /s/ AMCaulli
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SANDRA D. STARGEL, SELETHIA
PRUITT, and *all others
similarly situated*,

    Plaintiffs,

v.

SUNTRUST BANKS, INC.; THE
SUNTRUST BANKS, INC. BENEFITS
PLAN COMMITTEE; RIDGEWORTH
CAPITAL MANAGEMENT, INC.;
JORGE ARRIETA; HAROLD BITLER;
MIMI BREEDEN; MARK CHANCY;
ALSTON D. CORRELL; DAVID
DIERKER; TED HOEPNER; KEN
HOUGHTON; THOMAS KUNTZ; DONNA
LANGE; JOSEPH L. LANIER, JR.;
JEROME LIENHARD; GREGORY
MILLER; THOMAS PANTHER;
WILLIAM O'HALLORAN; LARRY L.
PRINCE; WILLIAM H. ROGERS,
JR.; CHRISTOPHER SHULTS; JOHN
SPIEGEL; MARY STEELE; JOHN AND
JANE DOES 1 TO 20; ALEEM
GILLANI; and THE SUNTRUST
BANKS, INC. BENEFITS FINANCE
COMMITTEE,

    Defendants.

CIVIL ACTION NO.
1:12-CV-3822-ODE

ORDER

This putative class action alleging violations of the Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), is currently before the Court on: Defendants' Motion to Dismiss [Doc. 11]; Plaintiffs' Motion for Leave to File Surreply Brief in Opposition to Defendants' Motion for Partial Summary Judgment [Doc. 22]; and Plaintiffs' Motion for Leave to File Surreply Brief in Opposition to Defendants' Motion to Dismiss Amended Complaint [Doc. 26]. For the reasons set forth below: Defendants' Motion to Dismiss [Doc. 11] is DISMISSED AS

MOOT; Plaintiffs' Motion for Leave to File Surreply Brief in Opposition to Defendants' Motion to Dismiss Amended Complaint [Doc. 26] is GRANTED IN PART and DENIED IN PART; and Plaintiffs' Motion for Leave to File Surreply Brief in Opposition to Defendants' Motion for Partial Summary Judgment [Doc. 22] is DENIED.

I.  Procedural Posture

On October 31, 2012, Plaintiffs filed their Complaint [Doc. 1]. On the cover sheet accompanying their Complaint, Plaintiffs state that this case is "substantially the same" as Fuller v. SunTrust Banks, Inc., No. 1:11-CV-784-ODE (hereinafter "Fuller"), another case that was previously before this Court [Doc. 1-1 at 2]. On January 25, 2013, Defendants filed a Motion to Dismiss [Doc. 11] and a Motion for Partial Summary Judgment [Doc. 12]. On February 19, 2013, Plaintiffs filed an Amended Complaint [Doc. 16].[1]

On March 8, 2013, Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint [Doc. 18]. Plaintiffs filed a response in opposition on March 25, 2013 [Doc. 20], to which Defendants filed a reply [Doc. 24]. On April 15, 2013, Plaintiffs filed a Motion for Leave to File Sur-Reply Brief in Opposition to Defendants' Motion to Dismiss Amended Complaint [Doc. 26].

---

[1] Plaintiffs' Amended Complaint [Doc. 16] supercedes the former pleading. As a result, Defendants' original Motion to Dismiss Plaintiffs' Complaint [Doc. 11] is DISMISSED AS MOOT. Sheppard v. Bank of Am., NA, No. 1:11-CV-4472-TWT, 2012 WL 3779106, at *4 (N.D. Ga. Aug. 29, 2012) (Thrash, J.); Bradley v. Dekalb Cnty., Ga., No. 1:10-CV-218-TWT-GGB, 2010 WL 4639240, at *2 (N.D. Ga. May 17, 2010) (Brill, Mag. J.), adopted by 2010 WL 4638887 (N.D. Ga. Nov. 4, 2010) (Thrash, J.).

2

Plaintiffs did not attach a copy of the proposed surreply. On May 2, 2013, Defendants submitted a response in opposition [Doc. 27], to which Plaintiffs replied [Doc. 28].

As noted above, on January 25, 2013, Defendants also filed a Motion for Partial Summary Judgment [Doc. 12]. On March 12, 2013, Plaintiffs filed a response in opposition [Doc. 19], to which Defendants replied [Doc. 21]. On March 29, 2013, Plaintiffs filed a Motion for Leave to File Sur-Reply Brief in Opposition to Defendants' Motion for Partial Summary Judgment [Doc. 22]. Plaintiffs did not include the proposed surreply. Defendants filed a response in opposition [Doc. 25].

II. Discussion

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court contemplate the routine filing of briefs following the movant's reply. See Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005) (Duffey, J.). "To allow such surreplies as a regular practice would put the court in the position of refereeing an endless volley of briefs." Garrison v. Ne. Ga. Med. Ctr., Inc., 66 F. Supp. 2d 1336, 1340 (N.D. Ga. 1999) (O'Kelley, J.). The Court may, however, exercise its discretion to allow a surreply to be filed. Id.

    A. *Surreply to Motion to Dismiss Amended Complaint*

Plaintiffs contend a surreply to the Motion to Dismiss is necessary because: (1) "Defendants' reply brief heavily relies upon a decision, Tibble v. Edison Int'l, __ F.3d __, 2013 WL 1174167 (9th Cir. Mar. 21, 2013), that was decided just as Plaintiffs were filing their opposition brief, and that has not been discussed in any previous brief" [Doc. 26-1 at 2]; (2)

"Plaintiffs wish to reply to an argument Defendants have raised for the first time in their reply brief, i.e. that they were not required to authenticate the documents they submitted as exhibits to their motion to dismiss because, they claim, they have not relied on assertions of fact in the documents" [id. at 2-3]; and (3) "Plaintiffs wish to correct" statements that "Defendants attribute to Plaintiffs . . . that Plaintiffs never made and that significantly misstate Plaintiffs' position" [id. at 3].

The Court will allow Plaintiffs to file a surreply only to the extent Plaintiffs seek to discuss Tibble. While Tibble was decided before Plaintiffs filed their response, the Court recognizes that this is the case only by a matter of days. Accordingly, the undersigned will allow Plaintiffs to file a surreply to address Tibble.

However, Plaintiffs are not allowed to address the remaining two issues identified in their Motion. As for Plaintiffs' claim that Defendants have raised a "new argument" regarding authentication, the Court is not convinced. While Defendants do discuss authentication in their reply [Doc. 24 at 7, 11-12], it is because Plaintiffs raised this issue in their response [Doc. 20 at 23-24]--thus Plaintiffs have already expressed their view on this issue. Walker v. U.S. Bank Nat'l Ass'n, No. 1:12-CV-2911-RWS, 2013 WL 1137006, at *3 (N.D. Ga. Mar. 15, 2013) (Story, J.) ("In this case, [d]efendants' reply brief directly addresses arguments raised by [p]laintiff in its opposition to [d]efendants' motion to dismiss. Accordingly, a surreply is not warranted . . . ."). Additionally, the issue of authentication was argued in Fuller [e.g., Fuller, Docs. 44 at 20-21; 47 at 5 n.4]. In fact, in

4

Fuller, the plaintiff sought leave to file a surreply to address this very issue [Fuller, Doc. 50-1 at 2 ("Second, in 'Defendants' Reply in Support of Motion to Dismiss' they argue for the first time that they should be permitted to submit unauthenticated documents outside the pleadings on a motion to dismiss because they purportedly show that complaint allegations are erroneous.")]. Considering Plaintiffs have clearly read Fuller and all its briefing (as they even incorporate arguments made in such briefs), it cannot be said that this is a "new argument." Moreover, in Fuller, the Court already decided it could consider these documents. Hence, the Court finds that additional briefing on this topic is unnecessary.

As for Plaintiffs' third basis for filing a surreply, or their argument about correcting misstatements, this basis is vague at best. Thus, Plaintiffs' Motion for Leave to File a Surreply Brief in Opposition to Defendants' Motion to Dismiss Amended Complaint [Doc. 26] is GRANTED IN PART. Plaintiffs can file a surreply only to the extent it addresses Tibble.

### B. Surreply to Motion for Partial Summary Judgment

Plaintiffs contend a surreply to the Motion for Partial Summary Judgment is necessary because:

> Defendants' Reply Brief . . . contains almost twice as much argument as in Defendants' initial brief and Plaintiffs' opposition combined. Defendants' reply also cites nine cases not cited in any previous brief. Most significantly, Defendants present for the first time in their reply brief their arguments and interpretation of key language in the release at issue--language of which they must have been aware when they filed their initial brief but artfully declined to address--which even Defendants now describe as "the carveout for vested benefits claims" in the release, (Dkt. No. 21 at 3).

5

[Doc. 22-1 at 2-3]. In response, Defendants contend that "Defendants' reply brief directly addressed the arguments that Stargel made in her opposition brief--arguments about which she now simply seeks to have the last word" [Doc. 25 at 1]. The Court agrees with Defendants.

Defendants moved for summary judgment against Stargel on the basis that her claims fail as a matter of law due to a Confidential Settlement Agreement and Release signed by Stargel, in exchange for a settlement payment. In Plaintiffs' response to Defendants' Motion, they argue:

> First, as the vast majority of courts have held, while ERISA plan participants can release individual claims for their individual relief, they cannot release claims such as those brought in the instant lawsuit. . . . Hence, Stargel's release of individual claims has no effect on her ability to bring a suit asserting the 401(k) Plan's claims for relief to the Plan as a whole.
> Second, Defendants simply ignore key language in the release that excludes from its scope any claims for 401(k) Plan benefits.

[Doc. 19 at 3]. In their reply, Defendants merely address Plaintiffs' arguments. Walker, 2013 WL 1137006, at *3. Moreover, the fact that Defendants' reply contains so many pages of argument does not persuade the Court that Plaintiffs should be allowed to file a surreply. Plaintiffs chose to file a 14 page response. As the Local Rules provide for a 25 page limit for briefs filed in support of a motion or a response, Plaintiffs had the opportunity to expand on their arguments if they thought it was necessary. LR 7.1D, NDGa. Therefore, Plaintiffs' Motion for Leave to File Sur-Reply Brief in Opposition to Defendants' Motion for Partial Summary Judgment [Doc. 22] is DENIED.

6

III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 11] is DISMISSED AS MOOT. Plaintiffs' Motion for Leave to File Surreply Brief in Opposition to Defendants' Motion to Dismiss Amended Complaint [Doc. 26] is GRANTED IN PART and DENIED IN PART. Plaintiffs can file a surreply only to the extent they seek to discuss Tibble. Lastly, Plaintiffs' Motion for Leave to File Surreply Brief in Opposition to Defendants' Motion for Partial Summary Judgment [Doc. 22] is DENIED. Plaintiffs shall have five days from the date of entry of this Order to file their surreply to Defendants' Motion to Dismiss Amended Complaint.

SO ORDERED, this 17 day of May, 2013.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE